FILED
MAY 16 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN BLANCO,<br><br>        Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION, Warden,<br><br>        Respondent. | Case No.: 18cv2005-JLS(KSC)<br><br>**REPORT AND RECOMMENDATION RE PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Norman Blanco, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under Title 28, United States Code, Section 2254, challenging the application and implementation of California's Proposition 57 to a sentence imposed in San Diego County Superior Court Case No. SCS187703. [Doc. No. 1.] Before the Court are respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. No. 6] and petitioner's Response thereto [Doc. No. 7]. For the reasons outlined below, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss the Petition.

### *Background*

The record indicates that petitioner was sentenced by the San Diego Superior Court to a determinate term of twenty years, four months, in state prison for assault with a firearm; negligent discharge of a firearm; unlawful taking of a vehicle; evading a police

1

officer/reckless driving; assault with a deadly weapon (a firearm) on a peace officer; felon in possession of a firearm and ammunition. [Doc. No. 1, at p. 1; Doc. No. 6-1, at pp. 2, 8-11.] According to respondent, using a firearm while committing a felony offense is considered a "violent crime" under California law. Cal. Penal Code §§ 667.5(c)(8); 12022.5(a). [Doc. No. 6-1, at p. 2.] An attachment to the Petition indicates that petitioner filed a state habeas petition in the California Supreme Court, and the Petition was denied. [Doc. No. 1, at p. 7.]

## *Discussion*

### I. *Motion to Dismiss Standards.*

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System*, 534 F.3d 1116, 1122 (9th Cir. 2008).

### II. *Denial of Parole Consideration Under California's Proposition 57.*

In his first claim for relief, petitioner contends that his Federal Constitutional rights were violated, because he was denied his "entitlement to parole considerations" under Proposition 57. [Doc. No. 1, at p. 6.] Respondent argues that petitioner has failed to allege a cognizable claim for relief under the Federal Constitution. [Doc. No. 6-1, at pp. 3-5.]

"Proposition 57, . . . added a provision to California's Constitution that reads: 'Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.' (Cal. Const., art. I, § 32, subd. (a)(1) (hereafter section 32(a)(1) ).) The newly added constitutional provision defines 'the full term for the primary offense' as 'the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.' (§ 32(a)(1)(A).)" *In re Edwards*, 26 Cal. App. 5th 1181, 1184 (Cal. Ct. App. 2018).
///

2

18cv2005-JLS(KSC)

A Federal Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). A petitioner's claim does not fall within "the core of habeas corpus" if success on the merits "would not necessarily lead to his immediate or earlier release from confinement." *Nettles*, 830 F.3d at 935, citing *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983").

The petitioner in *Nettles*, who was serving a life sentence in state prison, filed a habeas petition in Federal Court challenging a disciplinary violation on Federal constitutional grounds. *Nettles*, 830 F.3d at 924. He argued that his eligibility for parole would be affected if the disciplinary violation was not expunged from his record. *Id.* at 924-925. The Ninth Circuit upheld the dismissal of the petitioner's claim, reasoning that success on the merits of his claim "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id.* at 934. As the Ninth Circuit in *Nettles* explained, California law requires the parole board to consider "all relevant, reliable information" to determine suitability for parole. The subject disciplinary violation was only one factor, and the parole board could deny parole "on the basis of any of the grounds presently available to it." *Id.* at 935.

Here, respondent contends that the new parole provision in Proposition 57 does not apply in petitioner's case, because he is currently incarcerated for a violent felony. [Doc. No. 6-1, at pp. 2, 4.] In his Opposition to respondent's Motion, petitioner interprets California law differently and argues that the benefits of Proposition 57 do apply in his case, because he is not serving time for a violent felony. [Doc. No. 7, at pp. 6-12.]

3

18cv2005-JLS(KSC)

Respondent also contends that petitioner has not stated a cognizable claim for habeas relief even if Proposition 57 does apply in his case, because success on his claim "would not necessarily lead to immediate or speedier release." [Doc. No. 6-1, at p. 4, citing *Nettles*, 820 F.2d at 934-935.] Respondent is correct. Proposition 57 only provides for parole review once a prisoner serves "the full term for his or her primary offense." (Cal. Const., art. I, § 32, subd. (a)(1).) Thus, even if petitioner could establish that this provision of Proposition 57 should apply in his case, he would only be eligible for parole consideration at an earlier time than might otherwise occur. In other words, Proposition 57 does not necessarily make petitioner eligible for an earlier release from prison. As in *Nettles*, 830 F.3d at 934, the parole board would still need to consider "all relevant, reliable information" to determine "suitability for parole." *Id.* at 935. The parole board could then deny parole "on the basis of any of the grounds presently available to it." *Id.* Therefore, petitioner's claim falls "outside the core of habeas corpus." *Id.* at 934. Under these circumstances, IT IS RECOMMENDED that the District Court DISMISS petitioner's claim that his Constitutional rights have been violated, because he was denied his "entitlement to parole consideration" under Proposition 57. [Doc. No. 1, at p. 6.]

### III. *Denial of Retroactive Good Time Credits Under California's Proposition 57.*

Petitioners' second claim for relief is difficult to decipher, but it appears he contends that (1) his right to earn good conduct credits under Proposition 57 is being withheld from him in violation of Due Process; and (2) Due Process requires that good conduct credits under Proposition 57 be "applied retroactively." [Doc. No. 1, at p. 8.]

"Section 32, as enacted by Proposition 57, authorizes the California Department of Corrections and Rehabilitation (CDCR) to adopt regulations in furtherance of its resentencing provisions." *People v. Dynes*, 20 Cal. App. 5th 523, 528 (Ct. App. 2018). In this regard, Section 32 states as follows: "The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements." Cal. Const. art. I, § 32.

"Upon the passage of Proposition 57 in the November 2016 elections, the California Department of Corrections and Rehabilitation (CDCR) issued new regulations governing the ability of inmates to earn custody credit to advance their parole [or release] dates." *People v. Contreras*, 4 Cal. 5th 349, 374 (Cal. 2018). Current regulations state in part as follows: "Good Conduct Credit shall advance an inmate's release date if sentenced to a determinate term. . . ." Cal. Code Regs. tit. 15, §§ 3043; 3043.2. "Inmates who comply with the regulations and rules of the department and perform the duties assigned to them shall be eligible to earn Good Conduct Credit as set forth in section 3043.2 of this article. . . . Inmates who do not comply with the regulations and rules of the department or who do not perform the duties assigned to them shall be subject to credit forfeiture as provided in this article." Cal. Code Regs. tit. 15, § 3043. "No credit shall be awarded for incomplete, partial, or unsatisfactory participation in the credit earning programs or activities. . . ." Cal. Code Regs. tit. 15, § 3043.

Based on these regulations, petitioner's good conduct claim is comparable to his parole consideration claim. Even if petitioner could establish that he is entitled to accrue good conduct credits because of the passage of Proposition 57 and that those credits should be applied retroactively, it "would not necessarily lead to his immediate or earlier release from confinement." *Nettles*, 830 F.3d at 935. As with parole consideration, good conduct credits are not guaranteed and are only awarded for satisfactory conduct and participation. Cal. Code Regs. tit. 15, § 3043. Thus, even if petitioner could establish he is entitled to credits because of the passage of Proposition 57, he would not necessarily be entitled to earlier release from prison. CDCR would still need to determine whether those credits should be awarded to petitioner based on his conduct and participation, and credit could be denied if petitioner's conduct or participation did not satisfy applicable standards. Therefore, petitioner's claim falls "outside the core of habeas corpus." *Nettles*, at 934. Under these circumstances, IT IS RECOMMENDED that the District Court DISMISS petitioner's claim that his rights to Due Process have been violated,

because retroactive accrual of good conduct credits under Proposition 57 is being withheld from him. [Doc. No. 1, at p. 8.]

### IV. State Law Error.

Respondent also argues that petitioner's parole consideration and good conduct claims do not include a cognizable claim for relief under the Federal Constitution, because they only allege a potential violation of state law that does not involve a Federal question. [Doc. No. 6-1, at p. 5.] Respondent is correct.

"A mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal quotations omitted). Here, the gravamen of both claims in the Petition is that California regulations implementing the benefits of Proposition 57 have been misapplied in petitioner's case in violation of the Due Process Clause. However, as the Supreme Court held in *Swarthout v. Cooke*, 562 U.S. 216, it is not this Court's role to determine whether California's laws or regulations were correctly applied in petitioner's case. *Id.* at 222. For this additional reason, IT IS RECOMMENDED that the District Court DISMISS the Petition to the extent it seeks a determination based on California law and regulations that petitioner was erroneously denied the benefits of parole consideration and good conduct credits under Proposition 57. [Doc. No. 1, at pp. 7-8.]

### Conclusion

Based on the foregoing, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss [Doc. No. 6] "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

///

///

IT IS HEREBY ORDERED that **_no later than June 7, 2019_** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed and served **_no later than June 21, 2019_**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: May 16, 2019

Hon. Karen S. Crawford
United States Magistrate Judge

7

18cv2005-JLS(KSC)