UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN BLANCO,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>RALPH DIAZ, Secretary,<br><br>　　　　　　　Respondent. | Case No.: 18-CV-2005 JLS (KSC)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION,<br>(2) GRANTING RESPONDENT'S MOTION TO DISMISS, AND<br>(3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 1, 6, 9) |

Presently before the Court is Petitioner Norman Blanco's Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1), as well as Respondent Ralph Diaz's Motion to Dismiss ("Mot.," ECF No. 6).[1] Also before the Court is Magistrate Judge Karen S. Crawford's Report and Recommendation advising the Court to deny the petition ("R&R," ECF No. 9). Having considered the Parties' arguments and the law, the Court (1) **ADOPTS** the R&R in its entirety, (2) **GRANTS** Respondent's Motion, and (3) **DENIES** a Certificate of Appealability.

---

[1] Petitioner originally filed his Petition against Respondent Debbie Asuncion, Warden of the California State Prison Los Angeles, *see* Pet.; however, on July 3, 2019, Magistrate Judge Crawford *sua sponte* substituted Ralph Diaz, Secretary of the California Department of Corrections and Rehabilitation, as Respondent given that Petitioner had been temporarily moved to another facility for resentencing. *See generally* ECF No. 11.

## BACKGROUND

Magistrate Judge Crawford's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant motion. R&R at 1–2. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Petitioner raises two grounds for relief, both related to Proposition 57. First, Petitioner contends that his Federal Constitutional rights were violated because he was denied "entitlement to parole considerations" under Proposition 57. *See* Pet. at 6. Second, Petitioner appears to argue that his right to earn good conduct credits under Proposition 57 is being withheld from him in violation of his Due Process rights, which require that the good conduct credits under Proposition 57 be "applied retroactively." *Id.* at 8.

Respondent seeks dismissal of the Petition on grounds that Petitioner's parole review and credit claims (1) do not lie at the core of federal habeas corpus and therefore must be asserted, if at all, under 42 U.S.C. § 1983, *see* Mot. at 2–4; and (2) are nothing more than a challenge to state law and therefore fail to rise to the level of a cognizable federal question meriting federal habeas review. *See id.* at 4–5.

Magistrate Judge Crawford recommends that the Court grant Respondent's Motion on the grounds that Petitioner has "fail[ed] to state a claim upon which relief can be

granted." *See* R&R at 6 (quoting Fed. R. Civ. P. 12(b)(6)). Magistrate Judge Crawford recommends that the Court dismiss Petitioner's claim that his Constitutional rights have been violated as a result of his denial of entitlement to parole consideration under Proposition 57 because, "even if petitioner could establish that . . . Proposition 57 should apply in his case, he would only be eligible for parole consideration at an earlier time than might otherwise occur," meaning "petitioner's claim falls 'outside the core of habeas corpus.'" *See id.* at 2–4 (quoting *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016)). For the same reason, Magistrate Judge Crawford also recommends that the Court dismiss Petitioner's claim that his rights to Due Process have been violated because retroactive accrual of good conduct credits under Proposition 57 is being withheld from him. *See id.* at 4–6. Finally, Magistrate Judge Crawford recommends that the Court dismiss the Petition to the extent it seeks a determination based on California law and regulations that Petitioner was erroneously denied the benefits of parole consideration and good conduct credits under Proposition 57 because those claims do no include a cognizable claim for relief under the Federal Constitution. *See id.* at 6.

Because Petitioner failed timely to object to Magistrate Judge Crawford's R&R, the Court reviews the R&R for clear error. Having reviewed the R&R, the Court finds that it is well reasoned and contains no clear error. Accordingly, the Court **ADOPTS** in its entirety Magistrate Judge Crawford's R&R (ECF No. 9) and **GRANTS** Respondent's Motion (ECF No. 6).

## CERTIFICATE OF APPEALABILITY

The Court is also obliged to determine whether to issue a certificate of appealability ("COA") in this proceeding. A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When "the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus relief, the questions presented by the Petition do not warrant further proceedings. Accordingly, the Court **DENIES** a COA.

**CONCLUSION**

For the reasons stated above, the Court (1) **ADOPTS** the R&R (ECF No. 9) in its entirety, (2) **GRANTS** Respondent's Motion (ECF No. 6), and (3) **DENIES** a Certificate of Appealability. Because this Order concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 6, 2019

Hon. Janis L. Sammartino
United States District Judge