UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN BLANCO,<br><br>       Petitioner,<br><br>v.<br><br>RALPH DIAZ, Secretary,<br><br>       Respondent. | Case No.: 18-CV-2005 JLS (KSC)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 15) |

Presently before the Court is Petitioner Norman Blanco's Application for Certificate of Appealability from the District Court ("Mot.," ECF No. 15), which the Court has construed as a motion for reconsideration of the Court's August 6, 2019 Order denying Petitioner a certificate of appealability ("COA") (the "Order," ECF No. 12), *see* ECF No. 16, as well as an Opposition ("Opp'n," ECF No. 18) filed by Respondent Ralph Diaz, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). Having carefully considered the underlying Order, the Parties' arguments, and the relevant law, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

The Court incorporates by reference the factual background as detailed in Magistrate Judge Karen S. Crawford's May 16, 2019 Report and Recommendation re Petition for Writ

///

of Habeas Corpus, *see* ECF No. 9 ("R&R") at 1–2, and the Court's August 6, 2019 Order, *see* ECF No. 12 at 2.

Procedurally, Petitioner filed the underlying Petition on August 24, 2018, *see generally* ECF No. 1 ("Pet."), contending that his Federal Constitutional rights were violated because he was denied "entitlement to parole considerations" under Proposition 57, *see id.* at 6, and that his right to earn good conduct credits under Proposition 57 was being withheld from him in violation of his Due Process rights. *See id.* at 8. Respondent moved to dismiss the Petition on November 19, 2018, *see generally* ECF No. 6, arguing that Petitioner's claims (1) did not lie at the core of federal habeas corpus and therefore had to be asserted, if at all, under 42 U.S.C. § 1983, *see id.* at 2–4; and (2) were nothing more than a challenge to state law and therefore failed to rise to the level of a cognizable federal question meriting federal habeas review. *See id.* at 4–5.

On May 16, 2019, Magistrate Judge Crawford issued an R&R recommending that the Court grant Respondent's motion to dismiss, *see generally* ECF No. 9, to which Petitioner did not object. After reviewing the R&R, the Court concluded that it was well-reasoned and contained no clear error, *see* Order at 3; accordingly, the Court adopted Magistrate Judge Crawford's R&R in its entirety and dismissed the Petition. *See id.* The Court also denied a COA on the grounds that "no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to habeas corpus relief." *See id.* at 4. Petitioner filed the instant Motion on August 21, 2019. *See generally* ECF No. 15.

**LEGAL STANDARDS**

**I.    Reconsideration**

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ.

///

2

18-CV-2005 JLS (KSC)

L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## II.    Certificate of Appealability

A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the
///

petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

## ANALYSIS

Petitioner "requests that the district court issue a certificate of appealability . . . permitting petitioner to appeal from [the] judgment entered by the court on August 6th, 2019 dismissing petitioner's petition for writ of habeas corpus and granting respondent[']s motion and denying certificate of appealability." Mot. at 1. He contends that his Petition "demonstrate[s] a substantial showing of the denial of a constitutional right." *See id.* at 2.

Respondent contends that Petitioner "has not and cannot make a substantial showing of the denial of a constitutional right," Opp'n at 6, because his "parole review claim does not lie at the core of federal habeas corpus because success on this claim would not necessarily spell speedier release" given that "the parole board would still have to determine if, after considering 'all relevant reliable information,' [Petitioner] poses a 'current, unreasonable risk of violence of a current, unreasonable risk of significant criminal activity' if he were to be released." *Id.* at 4 (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016) (en banc); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997); 15 C.C.R. §§ 2249.4(b)–(c), 2249.5). "Further, federal habeas corpus relief is not available to correct alleged errors in the state court's application of interpretation of state law," *id.* at 5 (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)), and Petitioner's "parole review and credit claims fail to allege claims that rise to the level of a cognizable federal question." *Id.* at 6 (citing *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993)).

Because the Court determined that Petitioner was not entitled to habeas relief,[1] the denial of the Petition was on procedural grounds rather than on the merits. Accordingly,

---

[1] As intimated in Magistrate Judge Crawford's R&R, *see id.* at 3, and the Court's Order, *see id.* at 2, although the Court lacks habeas jurisdiction, Petitioner may nonetheless be able to pursue a civil rights action under 42 U.S.C. § 1983. *See, e.g.*, *Smith v. Pearman*, No. 19-CV-03683-SI, 2019 WL 4918259, at *4 (N.D. Cal. Oct. 4, 2019) (dismissing habeas petition "without prejudice to petitioner filing a new civil rights action asserting his challenges to the implementation of Proposition 57").

Petitioner is entitled to a COA only if he can show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484 (emphasis added).

Having again reviewed the filings and relevant law, the Court concludes that it did not err in concluding that no jurist of reason would find it debatable whether the Court was correct in its procedural ruling. *See, e.g.*, *Espinoza v. Sherman*, No. 16-16382, 2017 WL 3526619, at *1 (9th Cir. Apr. 24, 2017) (denying COA in habeas action dismissed on the grounds that habeas jurisdiction was not invoked by mere possibility that petitioner's sentence would be shortened by the reversal of a disciplinary conviction); *Mustafaa v. Davis*, No. 19-CV-04105-EMC, 2019 WL 6771794, at *4 (N.D. Cal. Dec. 12, 2019) (denying COA when dismissing habeas petition concerning denial of good conduct time credits under Prop 57); *Smith*, 2019 WL 4918259, at *4 (denying COA after dismissing habeas petition to enforce rights under Prop 57); *Olivier v. Cal. Dep't of Rehab.*, No. 119CV00131SKOHC, 2019 WL 462771, at *3 (E.D. Cal. Feb. 6, 2019) (recommending dismissal of habeas petition challenging sentence under Prop 57 and denial of COA where "[r]easonable jurists would not find the Court's determination that Petitioner is not entitled to pursue federal habeas corpus relief to be debatable or wrong"). The Court therefore **DENIES** Petitioner's Motion that the Court reconsider its prior denial of a COA.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Petitioner's Motion (ECF No. 15).

**IT IS SO ORDERED.**

Dated: February 10, 2020

Hon. Janis L. Sammartino
United States District Judge